## Union National Bank of Jersey Shore v. Budd

*Spencer W. Hill,* for petitioner.
*John E. Cupp,* for respondent.

LARRABEE, P. J., July 14, 1938.—The Union National Bank of Jersey Shore, plaintiff herein, on March 4, 1929,

entered judgment in the Court of Common Pleas of Lycoming County against defendant, Harry Budd. On October 14, 1933, plaintiff caused to be issued a writ of fieri facias which was delivered to the sheriff for execution on the same date, and on October 16, 1933, a levy was made on the personal property of defendant consisting largely of automobile trucks, tractors, road plows, scrapers, steam rollers and other road-building machinery. On November 27, 1933, plaintiff filed a præcipe for an alias writ of venditioni exponas which was issued and delivered to the sheriff on the same date; other writs of alias venditioni exponas were issued from time to time until on September 9, 1935, a seventh alias writ of venditioni exponas was issued to the sheriff, upon which he proceeded to make sale of all personal property of defendant.

On October 16, 1935, the trustee in bankruptcy of Julia Miller Seaman filed his petition for a rule to show cause why the sheriff's sale should not be set aside. A rule was issued and hearing and argument duly had thereon.

In support of his petition for the rule, petitioner represented that the said Julia Miller Seaman is a judgment creditor and that a junior writ of execution was placed in the hands of the Sheriff of Lycoming County on October 8, 1935, for the amount of $1,302.28 with interest thereon from February 8, 1935; that at the time of said sale petitioner protested to the sheriff that the sale was not being conducted properly and requested sheriff not to transfer title of the goods to the purchaser, and that the goods have not been delivered to the purchaser. Petitioner further represents that the judgment, on which the above-mentioned alias writ of venditioni exponas had been issued, was more than five years old and that no writ of scire facias or amicable scire facias had been issued to revive the judgment, either previous to or at the time the præcipe for the said seventh alias venditioni exponas was filed.

Upon a review of the authorities, we are of the opinion

that the sheriff's sale, based on a judgment which had been entered more than five years before the sale took place, and where there had been no revival of the judgment by writ of scire facias to defendant, was not a valid sale.

It is not disputed that the judgment upon which this sale was made was entered more than five years prior to the date when said sale was held, and that the judgment was never revived in the five-year period from the date of its entry. Plaintiff contends that the fact that a writ of execution was issued on said judgment within the five-year period is sufficient to keep alive the judgment and retain the seniority of its lien in favor of plaintiff, although the sale is not had until a later writ of alias venditioni exponas was issued after the five-year period had expired.

It does not appear that this question was ever flatly decided by the appellate courts of Pennsylvania.

There are decisions by the courts of Philadelphia County which hold that in that county the practice is quite generally followed of permitting an execution to issue, and a sale to be held thereunder, where more than five years have elapsed since the judgment was originally entered and the same had not been revived by writ of scire facias. However, it appears that elsewhere in Pennsylvania this practice has not been adopted. To the contrary, the courts of several counties throughout the State have held otherwise. In Sloan v. McMullen et al., 5 Dist. R. 430, a case arising in Cambria County, and in Comstock v. Kilchenstein, 14 W. N. C. 388, a case in Butler County, it was held that an execution issued on a judgment after five years from date of its entry, without a writ of scire facias to revive it, will be set aside on motion of defendant, although the record shows that one or more executions were issued on said judgment within the five-year period. It is the tenor of these opinions that the practice followed in Philadelphia County, where such writs of execution have been sustained, is in con-

flict with the Act of June 16, 1836, P. L. 729, and the Act of May 19, 1887, P. L. 132.

The Act of 1887, supra, provides that an execution may issue upon a judgment of record in Pennsylvania, notwithstanding such judgment may have lost its lien upon real estate, without a previous writ of scire facias to revive the same, provided that such execution shall be confined to the personal property only, of the debtor. However, it is important to note that the said act further expressly provides, that at the time execution is issued upon personal property of the debtor, a writ of scire facias shall also be issued to revive the judgment upon which said execution is issued. In the instant case, a scire facias was not issued at the time the seventh alias writ of venditioni exponas, upon which the sale in question was had, was issued.

For the reasons above set forth, we conclude that the sheriff's sale made on October 9, 1935, should be set aside.

### Order and decree

And now, to wit, July 14, 1938, the rule issued on plaintiff to show cause why said sheriff's sale should not be set aside, and for other relief, is made absolute insofar as it asks that said sale be invalidated, and set aside.